IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| CECIL E. HOPKINS, individually and on behalf of a class of others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 3:08-cv-05052-SWH ) ) |
| KANSAS TEACHERS COMMUNITY CREDIT UNION | ) ) ) |
| Defendant. | ) ) |

## NOTICE OF REMOVAL

Defendant Kansas Teachers Community Credit Union (the "KTCCU") appears through undersigned counsel and hereby removes the above-captioned action from the Circuit Court of Jasper County, Missouri, to the United States District Court for the Western District of Missouri pursuant to 28 U.S.C. §§ 1332, 1441, & 1446. In support of this Notice of Removal, KTCCU states:

1. On March 13, 2008, Cecil Hopkins ("Plaintiff") commenced this action by filing a Class Action Petition For Damages in the Circuit Court of Jasper County, Missouri, bearing Case Number 08-CC-0097. On April 23, 2008, Plaintiff filed a First Amended Class Action Petition For Damages (the "Amended Petition").

2. Plaintiff contends he and other similarly situated persons purchased automobiles that were financed by KTCCU in connection with a "Portfolio Management Program" that was managed and administered by Centrix Financial, LLC ("Centrix"). See generally Amended Petition attached as part of Exhibit A. Plaintiff contends that after he and his fellow class members failed to make loan payments under the terms of their loan agreements, Centrix repossessed their vehicles. Id. Plaintiff contends that when Centrix sent him and other class

1

members "pre-sale" notices regarding the sale of their repossessed vehicles, it failed to include all of the information required by the Missouri Commercial Code. Id. On the basis of these alleged facts, Plaintiff asserts claims for violation of the Missouri Commercial Code (Count I), violation of the Missouri Merchandising Practices Act (Count II) and conversion (Count III). Id.

2. As more fully set out below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because the Kansas Teachers Credit Union has satisfied the procedural requirements for removal and this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332. More specifically, removal is proper pursuant to 28 U.S.C. § 1332(a) because there is complete diversity between the parties and the amount in controversy exceeds $75,000. Removal also is appropriate under the Class Action Fairness Act of 2005 (codified at 28 U.S.C. § 1332(d)) because the putative class action has at least 100 members, involves minimal diversity, and involves an amount in controversy in excess of $5,000,000.

I. **THE KANSAS TEACHERS COMMUNITY CREDIT UNION HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.**

3. The Petition was served on the Kansas Teachers Credit Union on April 8, 2008. Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

4. The Circuit Court of Jasper County, Missouri, is located within the Western District of Missouri. 28 U.S.C. § 105. Thus, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

5. No previous application has been made for the relief requested herein.

6. Pursuant to 28 U.S.C. § 1446(a), a copy of all records and proceedings had in the state court are attached as Exhibit A. The Petition and Summons served upon the Kansas Teachers Credit Union are attached hereto as Exhibit B.

7. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and a copy is being filed with the Clerk of the Court for the Circuit Court of the State of Missouri, Jasper County.

## II. REMOVAL IS PROPER PURSUANT TO 28 U.S.C. § 1441 BECAUSE THIS COURT HAS ORIGINAL JURISDICTION PURSUANT TO 28 U.S.C. § 1332.

8. Removal of a civil action brought in state court is appropriate whenever a district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a).

9. As set forth below, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a) and § 1332(d)(2).

### A. This Court Has Original Jurisdiction Pursuant to 28 U.S.C. § 1332(a).

10. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a) because this an action among parties who are citizens of different states in which the amount-in-controversy exceeds the sum of $75,000, exclusive of costs and interest.

#### 1. The Complete Diversity Of Citizenship Requirement Is Satisfied.

11. Under 28 U.S.C. § 1332(a), diversity exists in an action between "citizens of different states."

12. Plaintiff is an individual domiciled in the State of Missouri. First Amended Petition ¶ 14 (Ex. A). Plaintiff does not allege any alternative state of residence. Accordingly, upon information and belief, Missouri is the state in which Plaintiff is domiciled and, therefore, the state of which Plaintiff is a citizen.

13. The Kansas Teachers Credit Union is, and was at the time Plaintiff commenced this action, a credit union chartered in the State of Kansas with its principal place of business in Pittsburgh, Kansas, and, therefore, is a citizen of Kansas for purposes of determining diversity.

28 U.S.C. § 1332(d)(10); See Feuchtwanger Corp. v. Lake Hiawatha Fed. Cr. Union, 272 F.2d 453, 456 (3rd Cir. 1959).

14. In summary, Plaintiff is a citizen of Missouri, and the defendant is a citizen of Kansas. The parties are citizens of different states for the purpose of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

### 2. The Amount-In-Controversy Requirement Is Satisfied.

15. For diversity jurisdiction to exist under 28 U.S.C. § 1332(a), the amount-in-controversy must be in excess "of $75,000, exclusive of interest and costs."

16. Nowhere in the First Amended Petition does the Plaintiff articulate how much he seeks to recover. Accordingly, KTCCU recognizes that it bears the burden of demonstrating by "a preponderance of the evidence" that the amount-in-controversy in this matter exceeds $75,000. In re Minnesota Mut. Life Ins. Co. Sales Practices Litig., 346 F.3d 830, 834 (8th Cir. 2003); Kopp v. Kopp, 280 F.3d 883, 885 (8th Cir. 2002). As a general rule, putative class members may not aggregate their claims to satisfy the amount-in-controversy of 28 U.S.C. § 1332(a); instead, the named plaintiff(s) must individually establish the minimal jurisdictional amount. Zahn v. International Paper Co., 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973); Kessler v. National Enterprises, Inc., 347 F.3d 1076, 1080 (8th Cir. 2003); Allison v. Security Ben Life Ins. Co., 980 F.2d 1213, 1215 (8th Cir. 1992). In summary, KTCCU recognizes that it bears the burden of demonstrating by a preponderance of the evidence that Plaintiff's claims are in excess of $75,000. Kessler, 347 F.3d at 1080 (only the claims of named class representatives are analyzed for purpose of the amount-in-controversy requirement). For the reasons set forth below, KTCCU more than satisfies this requirement.

17. Plaintiff is seeking, without limitation: (1) statutory damages and penalties; (2) actual damages; (3) punitive damages; (4) disgorgement of previously collected deficiency

4

judgments; (5) attorneys fees; and (6) injunctive relief. First Amended Petition at Prayer for Damages ¶¶ (a-j). As explained below in more detail, the aggregate amount of the varying types of relief sought by Plaintiff exceeds $75,000.

18.     In Count I, Plaintiff is seeking statutory damages for alleged violations of the Missouri Commercial Code. First Amended Petition ¶¶ 45-55. Plaintiff specifically seeks to recover statutory damages equal to "not less than the credit service charge plus ten percent of the principal amount of the obligation or the time-price differential plus ten percent of the cash price." Mo. Rev. Stat. § 400.9-625(c)(2). The Retail Installment Agreement signed by the Plaintiff reflects that the "cash price" of the 2001 Chevrolet Monte Carlo at issue was $14,990. Affidavit of Mark Kolarik at ¶ 8, attached hereto as Exhibit C. The Retail Installment Agreement also reflects that had Plaintiff honored his loan commitment, he would have paid $9,262.06 in interest and finance charges. Id. at ¶ 9. Therefore, the "time price differential" component of the statutory damages formula set forth in section 400.9-625(c)(2) in this matter could be as much as $9,262.06.[1] Thus, Plaintiff's potential statutory recovery under section 400.9-625(c)(2) is $10,761.06, the sum of the potential time price differential ($9,262.06) plus 10 percent of the cash price of the vehicle Plaintiff purchased ($1,499.00).

19.     For purposes of determining whether the $75,000 amount-in-controversy requirement is met, punitive damages recoverable in a putative class action are included on a pro rata basis. Crawford v. Hoffman-La Roche Ltd., 267 F.3d 760, 766 (8th Cir. 2001); Allison, 980 F.2d at 1215. Here, Plaintiff seeks an award of punitive damages in connection with Count I

---

[1] KSTCU anticipates that Plaintiff will contend that the "time price differential" he should be allowed to recover under section 400.9-625(c)(2)is equal to the total amount of interest and finance charges that he would have paid had he complied with his loan commitment. In contrast, KSTCU will demonstrate that "time price differential" component of the statutory formula is equal to the amount of interest and finance charges Plaintiff actually paid.

(violation of the Missouri Consumer Code), Count II (violation of the Missouri Merchandising Practices Act) and Count III (conversion). First Amended Petition ¶¶ 55, 69 and 74.[2] While KTCCU denies that an award of punitive damages is appropriate here, the relevant test is whether such damages are legally available. James Neff Kramper Family Farm Partnership v. IBP, Inc., 393 F.3d 828, 833 (8th Cir 2005). KTCCU concedes that punitive damages are legally available in this matter because Plaintiff has alleged a violation of MMPA in Count II and a claim for conversion in Count III. Under Missouri law, Plaintiff could receive punitive damages of up to $500,000. Mo. Rev. Stat § 510.265 (plaintiff may receive punitive damages equal to the greater of $500,000 or "five times the net amount of the judgment awarded to the plaintiff against the defendant"). Here, an award of $65,000 in punitive damages – or 6.5 times the statutory damages potentially available – would cause Plaintiff's total award to exceed $75,000.[3] Significantly, as can be seen from the decision attached as Exhibit D, this Court decided just a few months ago that removal was appropriate under nearly identical circumstances. Bass v. CarMax Auto Superstores, 2008 WL 441962, at *2 (W.D. Mo. Feb. 14, 2008) (removal appropriate when plaintiffs alleged a violation of MMPA arising out of the sale of automobiles because an award of punitive damages of 6.7 times the actual damages was both "likely [to] be

---

[2] Plaintiff's First Amended Petition contains a clerical error that results in some of the latter paragraphs being mis-numbered. The last paragraph of Count II follows paragraph 68; it is incorrectly numbered as paragraph 59 rather than paragraph 69. As a result, all of the paragraphs in Count III are numbered in the sixties rather than in the seventies. To avoid confusion, in the few instances in which it is necessary to cite to the last paragraph of Count II or any of the paragraphs of Count III, KTCCU cites the paragraphs as they should be numbered rather than by what they actually are numbered.

[3] KTCCU anticipates that Plaintiff will assert that any award of punitive damages should be based upon a multiple of the sum of the statutory damages and compensatory damages awarded. In contrast, KTCCU will demonstrate that (a) Plaintiff should not be allowed to recover both punitive damages and statutory damages under section 400.9-625(c)(2) because the statutory damages are a penalty and, therefore, punitive in nature; and (b) that any award of punitive damages must be based only upon a multiple of the compensatory damages, if any, awarded in this matter.

constitutionally acceptable" and within the range of potential jury awards). Indeed, the Eighth Circuit has affirmed verdicts in MMPA cases involving automobile sales in which the award of punitive damages to compensatory damages approached a ratio of 30 to 1. Grabinski v. Blue Springs Ford Sales, Inc., 203 F.3d 1024, 1027 (8th Cir. 2000) cert. denied 121 S.Ct. 70, 531 U.S. 825, 148 L.Ed.2d 35 (2000) (affirming award of $210,000 in punitive damages on award of $7,835 in compensatory damages). In summary, when the punitive damages legally available in this matter are considered, the $75,000 minimum amount-in-controversy requirement is met.

20. Furthermore, Plaintiff also seeks to recover his attorney's fees, which are available to him under the MMPA. See Blue Springs Ford Sales, Inc., 203 F.3d at 1027. Like punitive damages, attorney's fees in a putative class action are included on a pro rata basis in determining whether the amount-in-controversy requirement is met for purposes of 28 U.S.C. § 1332(a). Kessler, 347 F.3 at 1080. Attorney's fees in consumer protection class actions can be considerable. Indeed, empirical studies show that fee awards in class actions average around one-third of the total recovery. 4 Newberg on Class Actions § 14:6 (4th ed. 2007). Accordingly, if Plaintiff successfully recovers damages of approximately $60,000 in damages, then Plaintiff's potential pro rata share of attorney's fees available under MMPA will be approximately $20,000, see id., thus satisfying the $75,000 amount-in-controversy requirement.

21. In combination, Plaintiff's requested statutory damages, compensatory damages, punitive damages and attorney's fees satisfy the $75,000 amount-in-controversy requirement set forth in 28 U.S.C. § 1332(a).

**B.  Additionally, This Court Has Original Jurisdiction Pursuant to 28 U.S.C. § 1332(d)(2).**

22. Congress enacted the Class Action Fairness Act of 2005 ("CAFA") to expand the availability of diversity jurisdiction for class action lawsuits.  S.Rep. No. 109-14 at 42 (2005), 2005 U.S.C.C.A.N. 3, 40.

23. CAFA bestows this Court with original jurisdiction over any class action involving (1) 100 or more class members; (2) minimal diversity, i.e, where at least one plaintiff and one defendant are citizens of different states; and (3) an aggregate amount-in-controversy of $5,000,000, exclusive of costs and interest.  28 U.S.C. § 1332(d)(2),(5)(B) and (6).

**1.  The Minimal Diversity Of Citizenship Requirement Is Satisfied.**

24. Under CAFA, this Court has original jurisdiction over putative class actions in which "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

25. Plaintiff is an individual domiciled in the State of Missouri.  First Amended Petition ¶ 14 (Ex. A).  Plaintiff does not allege any alternative state of residence.  Accordingly, upon information and belief, Missouri is the state in which Plaintiff is domiciled and, therefore, the state of which Plaintiff is a citizen.

26. The Kansas Teachers Credit Union is, and was at the time Plaintiff commenced this action, a credit union chartered in the State of Kansas with its principal place of business in Pittsburgh, Kansas, and, therefore, is a citizen of Kansas for purposes of determining diversity. 28 U.S.C. § 1332(d)(10); See Lake Hiawatha Fed. Cr. Union, 272 F.2d at 456.

27. In summary, Plaintiff is a citizen of Missouri, and the defendant is a citizen of Kansas. Because at least one member of the putative class is a citizen of a different state than the defendant, diversity exists pursuant to 28 U.S.C. § 1332(d)(2)(A).

### 2. There Are 100 Or More Members Of The Putative Class

28. Under CAFA, this Court has original jurisdiction over putative class actions in which the number of members of the proposed class is 100 or more. 28 U.S.C. § 1332(d)(2)(A).

29. Plaintiff and his counsel specifically allege that there are more than 100 members of the putative class according to his/their review of the records of the Missouri Department of Revenue. First Amended Petition ¶ 27. Accordingly, this requirement is met. See id. Chavis v. Fidelity Warranty Services, Inc., 415 F.Supp.2d 1620, 1627 (D.S.C. 2006) ("Plaintiffs allege in their complaint that their putative class 'consists of more than one hundred (100) persons.'").

30. Although KTCCU contends that Plaintiff's definition of the putative class set forth in paragraph 25 of the First Amended Petition is argumentative because it states that KTCCU (rather than Centrix) repossessed the cars at issue and therefore results in a class size of zero, KTCCU concedes that it funded more than 100 automobile loans through the Portfolio Management Program to Missouri residents who ultimately had their vehicle repossessed. Affidavit of Mark Kolarik (Ex. C) at ¶ 6.

### 3. The Amount-In-Controversy Requirement Is Satisfied.

31. For diversity jurisdiction to exist under 28 U.S.C. § 1332(d), the amount-in-controversy must exceed "$5,000,000 exclusive of interest and costs." 28 U.S.C. § 1332(d)(6).

32. As set forth above, Plaintiff's review of the records of the Missouri Department of Revenue reveals the existence of at least 100 class members. First Amended Petition ¶ 27. Accordingly, if each of the average putative class member has a potential claim of $50,000 or more, then the amount-in-controversy requirement established by 28 U.S.C. § 1332(d)(6) is

9

DB04/012516.0539/399799.3
Case 3:08-cv-05052-GAF   Document 1   Filed 05/06/08   Page 9 of 13

satisfied. Chavis, 415 F.Supp.2d at 1627 ("The mathematical equation (100 x $50,000) reaches the jurisdictional threshold.").

33. Each member of the putative class is seeking, without limitation: (1) statutory damages and penalties; (2) actual damages; (3) punitive damages; (4) disgorgement of previously collected deficiency judgments; (5) attorneys fees; and (6) injunctive relief. First Amended Petition at Prayer for Damages ¶¶ (a-j). As set forth below in more detail, the aggregate amount of the varying types of relief sought by the members of the putative class could exceed $5,000,000. Bass v. CarMax Auto Superstores, 2008 WL 441962, at *2 (W.D. Mo. Feb. 14, 2008) ("This burden does not require Defendant to definitively establish the amount of damages, but instead requires Defendant to demonstrate a fact finder might legally award the class more than $5 million.") (attached as Exhibit D).

34. In Count I, the putative class members seek statutory damages for alleged violations of the Missouri Commercial Code. First Amended Petition ¶¶ 45-55. The statutory formula provides for damages equal to "not less than the credit service charge plus ten percent of the principal amount of the obligation or the time-price differential plus ten percent of the cash price." Mo. Rev. Stat. § 400.9-625(c)(2). In this case, the average purchase price that a member of the putative class paid for an automobile was approximately $17,250.00. Affidavit of Mark Kolarik (Ex. C) at ¶ 11. And, the average amount of interest and finance charges that a member of the putative class would have paid to KTCCU if he had complied with the terms of his loan obligation was $8,501. Id. at 12. Thus, the average member of the putative class might recover statutory fees of approximately $10,226, the sum of the average potential "time price differential" ($8,501) plus 10 percent of the average approximate cash price ($1,725.00). Therefore, KTCCU's potential aggregate statutory fee exposure in this matter is in excess of

10
DB04/012516.0539/399799.3
Case 3:08-cv-05052-GAF   Document 1   Filed 05/06/08   Page 10 of 13

$1,000,000.00 because that is the product of the average statutory fee exposure ($10,266) multiplied by 100, the minimum size of the class that Plaintiffs allege to be involved in this matter.

35. The putative class also seeks an award of compensatory damages and punitive damages in Count I (violation of the Missouri Consumer Code), Count II (violation of the Missouri Merchandising Practices Act) and Count III (conversion). First Amended Petition ¶¶ 55, 69 and 74. In this matter, an award of $4,000,000 in punitive damages – or approximately 4 times the statutory damages potentially available – would cause the total award to exceed $5 million. While KTCCU denies that an award of punitive damages is appropriate here, the relevant test is whether such damages are legally available. James Neff Kramper Family Farm Partnership, 393 F.3d at 833. Punitive damages are legally recoverable in this matter because Plaintiffs allege a violation of MMPA in Count II and conversion in Count III. Under Missouri law, each member of the class could receive punitive damages of up to $500,000. Mo. Rev. Stat § 510.265 (punitive damages capped at the greater of $500,000 or "five times the net amount of the judgment awarded to the plaintiff against the defendant"). An award having a punitive damages ratio of 4:1 is well within the range of jury awards available in connection with the types of claims involved here. For example, the Eighth Circuit has affirmed verdicts in MMPA cases involving automobile sales in which the award of punitive damages to compensatory damages approached a ratio of 30 to 1. Blue Springs Ford Sales, Inc., 203 F.3d at 1027 (affirming award of $210,000 in punitive damages on award of $7,835 in compensatory damages). Indeed, just months ago, when denying a motion to remand a similar class action involving a MMPA claim arising out of the sale of automobiles, this Court specifically held that an award of punitive damages of 6.7 times actual damages was both "likely [to] be

11

DB04/012516.0539/399799.3
Case 3:08-cv-05052-GAF   Document 1   Filed 05/06/08   Page 11 of 13

constitutionally acceptable" and within the range of potential jury awards.  Bass v. CarMax Auto Superstores, 2008 WL 441962, at *2 (W.D. Mo. Feb. 14, 2008) (Ex. D).  In summary, when the punitive damages available in this matter are considered, the $5,000,000 minimum amount-in-controversy requirement easily is met.

36. Furthermore, the First Amended Petition also seeks to recover attorney's fees for the class, a remedy which is available under the Missouri Merchandising Practices Act (Count II).  See Blue Springs Ford Sales, Inc., 203 F.3d at 1027.  Attorney's fees in consumer protection class actions can be considerable.  Indeed, empirical studies show that fee awards in class actions average around one-third of the total recovery.  4 Newberg on Class Actions § 14:6 (4th ed. 2007).  Accordingly, if Plaintiff's counsel successfully recovers approximately $3.7 million in damages, then, according to empirical studies, a potential award of attorney's fees will push this matter over the $5,000,000 jurisdictional threshold amount.  Id.

37. In combination, the requested statutory damages, compensatory damages, punitive damages, disgorgement of interest and finance charges, and attorney's fees satisfy the jurisdictional threshold amount of $5,000,000.

WHEREFORE, the Kansas Teachers Community Credit Union respectfully removes this action from the Circuit Court of Jasper County, Missouri, to this Court pursuant to 28 U.S.C. § 1441.

Respectfully submitted,

STINSON MORRISON HECKER LLP


*s/ Marc D. McKay*
William E. Hanna, Mo. Bar No. 39556
Marc D. McKay, Mo. Bar No. 53216
1201 Walnut, Suite 2900
Kansas City, Missouri 64106-2150
phone: (816) 842-8600
fax:     (816) 691-3495
email:  whanna@stinsonmoheck.com
email:  mmckay@stinsonmoheck.com

ATTORNEYS FOR DEFENDANT
KANSAS TEACHERS COMMUNITY
CREDIT UNION

## CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2008, a true and correct copy of the foregoing document was filed electronically via CM/ECF in the United States District Court for the Western District of Missouri, with notice of same being electronically served by the Court, addressed to:

J. Michael Vaughan
R. Frederick Walters
Garrett M. Hodes
Don P. Saxton
WALTERS BENDER STROHBEHN & VAUGHAN, P.C.
2500 City Center Square
1100 Main Street
P.O. Box 26188
Kansas City, MO 64196
ATTORNEYS FOR PLAINTIFF


*s/ Marc D. McKay*
Attorney for Defendant Kansas
Teachers Community Credit Union