IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| CECIL E. HOPKINS,<br><br>   individually, and on behalf of a Class of all others similarly situated,<br><br>                Plaintiff,<br><br>vs.<br><br>KANSAS TEACHERS COMMUNITY CREDIT UNION,<br><br>                Defendant. | Case No. 08-5052-CV-SW-GAF |

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff Cecil E. Hopkins, as the proposed representative of the plaintiff class described below, respectfully moves the Court under Rule 23 of the Federal Rules of Civil Procedure for an Order determining that this civil action shall be maintained as a class action under Fed.R.Civ.P. 23(b)(3), on behalf of the following defined plaintiff class (hereinafter, the "Class"), which includes:

- All persons who obtained a motor vehicle loan or financing from Defendant in conjunction with the Portfolio Management Program administered by Centrix Financial, LLC; and

- Who obtained a Missouri Certificate of Title for that motor vehicle identifying Defendant as the lienholder; and

- Whose motor vehicle was repossessed.

See **Exhibit 1**, *First Amended Class Action Petition*, at ¶ 25.[1]

---

[1] As explained in the accompanying *Suggestions*, this proposed Class definition slightly amends the proposed definition set forth in *Plaintiffs' First Amended Class Action Petition*.

**THE REQUIREMENTS OF RULE 23(a) AND (b)(3), FED.R.CIV.P. ARE SATISFIED, MAKING CERTIFICATION OF THE DEFINED PLAINTIFF CLASS APPROPRIATE.**

Plaintiff bases his motion on the following grounds, each of which is more particularly explained in the *Suggestions* that he has contemporaneously filed with the Court in support of this motion:

**Numerosity – 23(a)(1)**

1. The Class of which Plaintiff is a member is comprised of 145 individual borrowers who obtained approximately 104 motor vehicle loans from Defendant Kansas Teachers Community Credit Union pursuant to Centrix Financial, LLC's "Portfolio Management Program," and whose Missouri Certificates of Title identified Defendant as the secured party and lienholder, and that were ultimately repossessed. Each of the Class members can be readily identified, but are so numerous that joinder of all of them in this action is impracticable. *See* **Exhibit 1,** at ¶¶ 25-27.

**Commonality – 23(a)(2)**

2. There are numerous questions of fact and law common to Plaintiff's and the Class members' claims. Plaintiff's claims, and the claims of each member of the Class, arise from the same lending program and a common set of facts, and the resulting repossession of the Class members' motor vehicles by Defendant, as the secured party and lienholder, using standardized procedures and forms. By design, the transactions and occurrences underlying and giving rise to each of the Class member's claims were substantially the same, and based on the same core set of facts, in that, among other things, the transactions and occurrences all involved:

    a) Defendant's financing of subprime motor vehicle loans pursuant to standardized, underwriting polices, using a standard set of form loan documents, primarily, a form *Retail Installment Contract and Security Agreement*;

    b) Defendant's perfection of its security interests in the Class members' motor vehicles, using standardized forms (*i.e.*, a "*Notice of Lien*") and procedures;

c) Defendant's repossessions of the Class member' motor vehicles;

d) Defendant's use of a computer-generated standard-form "pre-sale" communication, governed by the provisions of the Uniform Commercial Code;

e) Defendant's use of standard forms and procedures to obtain ownership of the motor vehicles after repossession;

f) Defendant's same violations of the same provisions of Missouri's Uniform Commercial Code, Merchandising Practices Act and Missouri law; and

g) Whether Defendant's conduct was outrageous and gives rise to punitive damages.

The common questions of law include, but are not limited to, the following:

a) The application of Missouri's Commercial Code, to the Class members' claims;

b) Whether Defendant's computer-generated standard pre-sale communications violated Missouri's Commercial Code;

c) Whether Defendant's conduct, including its participation in Centrix's Portfolio Management Program, its misrepresentations, and its repossession of the Class members' motor vehicles, involved unlawful practices governed by Missouri's Merchandising Practices Act, §§ 407.010 RSMo, *et seq.*;

d) Whether Defendant's repossession of the Class member's motor vehicles and use of defective pre-sale notices resulted in a conversion of their motor vehicles;

e) Whether Defendant's attempt to obtain "accord and satisfaction" settlements with the Class members was an unlawful practice in violation of Missouri's Merchandising Practices Act;

f) The nature of the remedies available to the Class members, and calculation of those remedies under Missouri law; and

g) The nature of the Class members' damages, and the calculation of those damages under Missouri law.

*See* **Exhibit 1,** at ¶ 28.

### Typicality – 23(a)(3)

3. The claims that Plaintiff is asserting against Defendant are "typical" of the claims of the Class. Plaintiff, like the members of the Class, has been aggrieved by the conduct of

3

Defendant in the same way – all Class members obtained subprime motor vehicle loans from Defendant through Centrix's Portfolio Management Program, all Class members had their vehicles repossessed by Defendant, and all Class members received standardized pre-sale communications from Defendant in connection with those repossessions that Plaintiff contends are deficient or defective for the same or similar reasons. The legal theories for Plaintiff and the Class are the same. Defendant's defenses to those claims are also the same. **Exhibit 1,** at ¶ 29.

### Adequacy of Representation– 52.08(a)(4)

4. The Named Plaintiff will fairly and adequately protect the interests of the Class since he is a member of the Class and, like the other Class members, obtained a motor vehicle loan from Defendant and suffered the same type of injuries as a result of the same illegal conduct. He also seeks the same type of monetary and injunctive relief that the members of the Class will seek. Plaintiff has no conflict with the interests of the individual members of the Class, or with the Class as a whole, and has hired counsel experienced in complex class action and commercial litigation. **Exhibit 1** at ¶¶ 30-31; **Exhibit 45**.

### Rule 23(b)(3): Liability & Monetary Relief

5. Certification of a plaintiffs' class pursuant to Rule 23(b)(3) is appropriate because the questions of law and fact that are common to Plaintiff's claims and the claims of the members of the Class predominate over any questions affecting only the Plaintiff or the individual members of the Class. Further, a class action is superior to any other available method for the fair and efficient adjudication of the subject controversy. **Exhibit 1,** at ¶ 32.

WHEREFORE, for these reasons and those set forth in the accompanying *Suggestions*, Plaintiff respectfully moves the Court for the following:

1. An Order determining that this civil action shall be maintained as a class action under Fed.R.Civ.P. 23(b)(3), on behalf of the following defined plaintiff class:

- All persons who obtained a motor vehicle loan or financing from Defendant in conjunction with the Portfolio Management Program administered by Centrix Financial, LLC; and

- Who obtained a Missouri Certificate of Title for that motor vehicle identifying Defendant as the lienholder; and

- Whose motor vehicle was repossessed.

2. An Order appointing Plaintiff Cecil E. Hopkins as representative of the Class;

3. An Order designating the undersigned attorneys and the firm Walters Bender Strohbehn & Vaughan, P.C. as Class Counsel;

4. An Order directing Class Counsel to prepare a *Notice of Class Action* to be disseminated to the members of the Class by direct mail; and

5. Any other orders or directives that the Court deems necessary or proper under Fed.R.Civ.P. 23.

Dated: July 9, 2009            Respectfully submitted,

WALTERS BENDER STROHBEHN &
 VAUGHAN, P.C.

By: */s/ Garrett M. Hodes*
R. Frederick Walters – Mo. Bar 25069
J. Michael Vaughan – Mo. Bar 24989
Kip D. Richards - Mo. Bar 39743
Garrett M. Hodes – Mo. Bar 50221
   2500 City Center Square
   1100 Main Street
   Kansas City, Missouri 64105
   (816) 421-6620
   (816) 421-4747 (Facsimile)

ATTORNEYS FOR PLAINTIFFS AND
PROPOSED CLASS COUNSEL

## CERTIFICATE OF SERVICE

I hereby certify that I filed this document electronically with the United States District Court for the Western District of Missouri with notice of case activity to be generated and sent electronically by the Clerk of the Court to all designated persons this **9th day of July 2009**:

*/s/ Garrett M. Hodes*
Attorneys for Plaintiff