IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| CECIL E. HOPKINS, individually and on behalf of a class of others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>KANSAS TEACHERS COMMUNITY CREDIT UNION,<br><br>    Defendant/Third Party Plaintiff,<br><br>v.<br><br>MARATHON ROTHSCHILD CREDIT UNION, et al.,<br><br>    Third Party Defendants. | Case No. 08-05052-CV-SW-GAF |

## DEFENDANT KANSAS TEACHERS COMMUNITY CREDIT UNION'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Cecil Hopkins has filed a three count Amended Petition against defendant Kansas Teachers Community Credit Union (the "Kansas Credit Union") arising out of the repossession and resale of a vehicle he purchased in Parsons, Kansas.

In Count I, plaintiff seeks to establish liability against the Kansas Credit Union because a "pre-sale" notice sent by Centrix Resource Systems LLC ("Centrix") allegedly did not contain all of the language required by section 9-614 of the Missouri Uniform Commercial Code (the "Missouri UCC"). The Kansas Credit Union is entitled to summary judgment because plaintiff never received nor read the allegedly defective "pre-sale" notice, and because the Kansas Credit Union took the steps reasonably required to inform plaintiff of the future sale of his Vehicle.

Second, and in the alternative, the remedies available to plaintiff under Count I are governed by the Kansas Uniform Consumer Credit Code (the "Kansas U3C"), not the Missouri UCC. Under the Kansas U3C, plaintiff's remedy for receiving an incomplete "pre-sale" notice is an order barring the Kansas Credit Union from attempting to recover a delinquency judgment from him. In other words, plaintiff is not entitled to recover statutory damages in addition to the elimination of his delinquent loan balance. Consequently, the Kansas Credit Union seeks partial summary judgment on Count I of the First Amended Petition declaring that plaintiff may not recover statutory damages under section 9-614 of the Missouri UCC.

In Count II, plaintiff alleges violations of the Missouri Merchandising Practices Act ("MMPA") by claiming that the Kansas Credit Union illegally charged him for finance charges under his retail installment contract. As explained more fully in the Suggestions in Support of this motion, a viable MMPA claim requires proof of causation, i.e., that the allegedly wrongful behavior actually resulted in damage to the consumer. Plaintiff is unable to demonstrate causation because he did not make a single installment payment after "purchasing" the vehicle, and therefore did not incur *any* finance charges, much less improper finance charges. In other words, plaintiff did not suffer any damages for the simple reason that he failed to make any installment payments under the contract.

In Count III, plaintiff alleges a claim for conversion. In order to bring a claim for conversion, a plaintiff must show that he was entitled to rightful possession of the property at issue. But there is no dispute that plaintiff had defaulted on his loan on the vehicle at the time of repossession; he had no right to possess the vehicle as a result. Accordingly, the Kansas Credit Union is entitled to summary judgment on Count III as a matter of law.

## CONCLUSION

The Kansas Credit Union respectfully requests that the Court enter summary judgment on Count I of the First Amended Petition or, in the alternative, enter partial summary judgment on Count I by ordering that plaintiff may not recover statutory damages under section 9-614 of the Missouri UCC. The Kansas Credit Union also requests that the Court enter summary judgment on Counts II and III of plaintiff's First Amended Petition in their entirety.

Respectfully submitted,

STINSON MORRISON HECKER LLP

*s/ Marc D. McKay*
William E. Hanna, Mo. Bar No. 39556
Marc D. McKay, Mo. Bar No. 53216
1201 Walnut, Suite 2900
Kansas City, Missouri 64106-2150
phone: (816) 842-8600
fax: (816) 691-3495
email: whanna@stinson.com
email: mmckay@stinson.com

ATTORNEYS FOR DEFENDANT
KANSAS TEACHERS COMMUNITY CREDIT UNION

# CERTIFICATE OF SERVICE

I hereby certify that on September 14 2009, a true and correct copy of the foregoing document was filed electronically via CM/ECF in the United States District Court for the Western District of Missouri, with notice of same being electronically served by the Court, addressed to:

R. Frederick Walters
Garrett M. Hodes
WALTERS BENDER STROHBEHN & VAUGHAN, P.C.
2500 City Center Square
1100 Main Street
P.O. Box 26188
Kansas City, MO 64196
ATTORNEYS FOR PLAINTIFF

Les Rosenfeld
LEON KUSNETZKY, PC
9201 Ward Parkway, Suite 304
PO Box 8579
Kansas City, MO 64114
ATTORNEYS FOR THIRD-PARTY DEFENDANTS
UNITED CATHOLIC CREDIT UNION AND MARATHON
ROTHSCHILD CREDIT UNION

Thomas Martin
LEWIS RICE & FINGERSH
1200 Main St., Suite 2300
Kansas City, MO 64105
ATTORNEYS FOR THIRD-PARTY DEFENDANTS
ADVANCIAL FEDERAL

*s/ Marc D. McKay*
Attorney for Defendant Kansas
Teachers Community Credit Union