IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| CECIL E. HOPKINS,<br><br>  individually, and on behalf of a Class of all others similarly situated,<br><br>                Plaintiff,<br><br>vs.<br><br>KANSAS TEACHERS COMMUNITY CREDIT UNION,<br><br>                Defendant,<br><br>vs.<br><br>MARATHON ROTHSCHILD CREDIT UNION, et al.,<br><br>                Third Party Defendants. | Case No. 08-5052-CV-SW-GAF |

**ORDER PRELIMINARILY APPROVING
CLASS ACTION SETTLEMENT**

WHEREAS, a class action petition was filed in the above-entitled action (the "Litigation") on March 18, 2008; and

WHEREAS, on February 18, 2010, the Court certified a litigation class in the Litigation, comprised of those persons who obtained a motor vehicle loan or financing from Kansas Teachers Community Credit Union in conjunction with a "Portfolio Management Program" administered by Centrix Financial, LLC, who obtained a Missouri Certificate of Title for that motor vehicle

1

identifying Kansas Teachers Community Credit Union as the lienholder; and had said motor vehicle repossessed, and which is particularly described in the Court's *Order Certifying Plaintiff Class* (Doc.# 151) (the "Litigation Class"); and

WHEREAS, notice was provided to the members of the Litigation Class of the Litigation and their opportunity to opt out or exclude themselves from the Litigation Class; and

WHEREAS, no Class members timely elected to exercise his, her, or its right to opt out of the Litigation Class; and

WHEREAS, Plaintiff Cecil E. Hopkins, as a member and representative of the Litigation Class and Kansas Teachers Community Credit Union (collectively, the "Parties") have entered into a "Settlement Agreement and Release" dated February 4, 2011 (the "Agreement"), which memorializes the Parties' negotiated and agreed-upon settlement of the Litigation as between them and a proposed Settlement Class, subject to the approval of the Court ("the Settlement"); and

WHEREAS, Plaintiff has filed a *Motion for Preliminary Approval of Class Action Settlement* with the Court.

NOW THEREFORE, upon careful consideration of the *Motion for Preliminary Approval of Class Action Settlement*, and after reviewing the Agreement, and for good cause shown,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. The terms of the Agreement, and the Settlement as provided therein, are approved preliminarily as fair, reasonable, and adequate to the Settlement Class as defined in the Agreement, subject to further consideration at the Fairness Hearing described in Paragraph 13 of this Order.

2. The definitions set forth in the Agreement are hereby incorporated by reference into this Order (with capitalized terms as set forth in the Agreement).

3.      Plaintiff Cecil E. Hopkins and Kansas Teachers Community Credit Union have executed the Agreement in order to settle and resolve the Litigation as between them and the proposed Settlement Class, subject to approval of the Court.

4.      Accordingly, for the purpose of a settlement in accordance with the Agreement, and upon review of the *Plaintiffs' Motion for Preliminary Approval of Proposed Class Action Settlement*, this Court hereby preliminarily certifies the following class of persons as a settlement class (the "Settlement Class"):

Those persons who:

(1)     obtained a motor vehicle loan or financing from Kansas Teachers Community Credit Union in conjunction with a "Portfolio Management Program" administered by Centrix Financial, LLC; and

(2)     who obtained a Missouri Certificate of Title for that motor vehicle identifying Kansas Teachers Community Credit Union as the lienholder; and

(3)     had said motor vehicle repossessed.

Pursuant to the Agreement, and for purposes of the Settlement only, the Court finds preliminarily as to the Settlement Class that:

a.      The Settlement Class is so numerous that joinder of all members is impracticable;

b.      There are questions of law or fact common to Settlement Class that predominate over questions affecting only individual members of the Settlement Class;

c.      The claims of Plaintiff Cecil Hopkins are typical of those of the members of the Settlement Class;

3

d. Plaintiff Cecil Hopkins and Plaintiffs' Counsel will fairly and adequately represent and protect the interests of the members of the proposed Settlement Class; and

e. Certification of the Settlement Class as proposed is a superior and appropriate method for the fair and efficient adjudication of the controversies between the Settlement Class and Kansas Teachers Community Credit Union.

5. For the purpose of this preliminary approval, and for all matters relating to the Settlement and the Litigation, until further order of the Court, the Court appoints Plaintiff Cecil Hopkins as Representative of the Settlement Class and R. Frederick Walters, Kip D. Richards, J. Michael Vaughan, and Garrett M. Hodes of the law firm Walters Bender Strohbehn & Vaughan, P.C., as Counsel for the Settlement Class ("Class Counsel").

6. By this Order, the Court hereby exercises subject matter and personal jurisdiction over the Settlement Class for purposes of evaluating the final certification of the Settlement Class and the fairness and adequacy of the Settlement.

7. The Class Mail Notice, as set forth in Exhibit A to the Agreement, is hereby approved.

8. The Class Mail Notice in a form substantially the same as that set forth in Exhibit A to the Agreement, shall be mailed by Class Counsel by first-class mail, postage prepaid, to all members of the Settlement Class (as identified on Exhibit E of the Agreement). Such mailing shall be made within five (5) days of this Preliminary Approval Order.

9. The Agreement contemplates a notice methodology that protects the interests of the Parties and the Settlement Class, is the best notice practicable under the circumstances, and is reasonably calculated to apprise the Settlement Class Members of the pendency of the Litigation and

4

proposed Settlement, the Agreement, and the right to opt out and exclude themselves from or object to the proposed Settlement.  In addition, the Court finds that the notice methodology is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice of the proposed Settlement and meets all applicable requirements of law, including, but not limited to, Federal Rule of Civil Procedure 23 and the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

10. Prior to the Fairness Hearing, Class Counsel shall serve and file a sworn statement of a person with knowledge, evidencing compliance with the provisions of this Order concerning the mailing of the Class Mail Notice.

11. Any member of the Settlement Class desiring exclusion from the Settlement Class shall mail a request for exclusion ("Request for Exclusion") to the Parties' respective counsel.  To be valid, the Request for Exclusion must be **received** on or before **Tuesday, April 19, 2011**.  Such Request for Exclusion shall include: (a) the name, address, telephone number, and the last four digits of the class member's social security number; (b) a statement that the Class member and all other borrowers named on the Class member's promissory note are seeking exclusion; (c) the signature of each person who was a party to the promissory note made in connection with the Class member's loan (unless any such person shall be deceased, in which case the opt out submission shall include a copy of such person's death certificate); and (d) a reference to *Hopkins v. Kansas Teachers Community Credit Union*, Case No. 08-5052-CV-SW-GAF. Any member of the Settlement Class who does not properly and timely request exclusion from the Settlement Class shall be included in the Settlement Class and be bound by any judgment entered in this Action with respect to the Class.

12. Within a reasonable period after the deadline for submitting Requests for Exclusion, but before the Final Approval Hearing, Class Counsel shall file with the Court a sworn statement listing those persons who submitted timely Requests for Exclusion. The originals of all Requests for Exclusion shall be retained by the Parties.

13. A hearing (the "Fairness Hearing") shall be held before the undersigned at **9:00 a.m. on May 19, 2011**, at the United States District Court for the Western District of Missouri, 400 E. 9th Street, Kansas City, MO 64106, in Courtroom 8A. At the Fairness Hearing, the Court will consider: (a) the fairness, reasonableness, and adequacy of the Settlement; (b) the entry of any final order or judgment in the Litigation with respect to the Settlement Class; (c) the application for an incentive award for the services rendered by Plaintiff Cecil Hopkins; (d) the application for attorney's fees and for reimbursement of expenses by Class Counsel; and (e) other related matters. The Fairness Hearing may be postponed, adjourned, or continued by Order of the Court without further notice to the Settlement Class.

14. To be considered at the Fairness Hearing, any person desiring to file an objection or other comment on the Settlement shall be required to file all such objections and comments and all supporting pleadings on or before **May 6, 2011**, with service upon Class Counsel and Defendant's Counsel. In his/her objection, an objecting Settlement Class Member must (a) set forth his/her full name, current address, and telephone number; (b) state that the class member objects to the Settlement in whole or in part; (c) set forth a specific statement of the legal and factual basis for the Objection; (d) provide copies of any and all documents that the objector wishes the Court to consider in connection with the Objection; (e) provide the names of any witnesses and provide a written expert report from all proposed experts who may be offered at the Fairness Hearing; (f) provide

6

copies of any other loan documents on which the objector relies as a basis for the objection; (g) if the objector is represented by counsel, provide a detailed description of the legal authorities supporting each objection; and (h) reference *Hopkins v. Kansas Teachers Community Credit Union*, Case No. 08-5052-CV-SW-GAF. No Objection to or other comment concerning the Settlement shall be heard unless timely filed in accordance with the guidelines specified above and in the Agreement. Class Counsel and Defendant's Counsel shall promptly furnish each other with copies of any and all objections or written requests for exclusion that come into their possession.

15. Any Settlement Class Member who does not make his or her objection in the manner provided in this Order shall be deemed to have waived any such objection and shall forever be foreclosed from making any objection to Settlement, including but not limited to, the propriety of class certification, the adequacy of any notice, or the fairness, adequacy or reasonableness of the Settlement.

16. Submissions of the Parties relative to the Settlement, including memoranda in support of the Settlement, applications for attorney's fees and reimbursement of expenses by Class Counsel, and any applications for the payment of services rendered by Plaintiff Cecil Hopkins shall be filed with the Clerk of the Court on or before **May 6, 2011**. Any attorney hired by an Settlement Class Member at the Settlement Class Member's expense for the purpose of objecting to the Settlement, or to any application for an incentive award or for an award of attorney's fees or expenses, shall file with the Clerk of Court and serve upon Class Counsel and Defendant's Counsel a written notice of appearance no later than **May 6, 2011**.

7

17. Any Settlement Class Member may appear at the Fairness Hearing in person, or by counsel if an appearance is filed and served as provided in the Notice, and such person will be heard to the extent allowed by the Court. No person shall be permitted to be heard unless, on or before **May 6, 2011**, such person has (a) filed with the Clerk of the Court a notice of such person's intention to appear and (b) served copies of such notice upon Class Counsel and Defendant's Counsel.

18. Any Settlement Class Member may intervene in the Litigation in person, or by counsel, if a motion to intervene is filed and served as provided in the Notice. No person shall be permitted to intervene unless, on or before **May 6, 2011**, such person has (a) filed with the Clerk of the Court a valid motion to intervene and (b) served copies of such notice upon Class Counsel and Defendant's Counsel.

19. All other events contemplated under the Agreement to occur after entry of this Order and before the Fairness Hearing shall be governed by the Agreement and the Class Mail Notice, to the extent not inconsistent herewith. Class Counsel and Defendant's Counsel shall take such further actions as are required by the Agreement.

20. The Parties shall be authorized to make non-material changes to the Class Mail Notice so long as Class Counsel and Defendant's Counsel agree and one of the Parties files a notice thereof with the Court prior to the Fairness Hearing.

21. All claims against and motions involving Defendant Kansas Teachers Community Credit Union in the Litigation, other than such as may be necessary to carry out the terms and conditions of the Agreement or the responsibilities related or incidental thereto, are stayed and suspended until further order of this Court.

22. The "Released Claims" of the "Releasors" as against the "Released Persons," all as defined in the Agreement, other than such as may be necessary to carry out the terms and conditions of the Agreement or the responsibilities related or incidental thereto, are stayed and suspended until further order of this Court.

23. If Final Approval of the Settlement does not occur, or if the Settlement is rescinded or terminated for any reason, the Settlement and all proceedings had in connection therewith shall be null and void and without prejudice to the rights of the Parties before the Settlement was executed and made, and all Orders issued pursuant to the Settlement shall be vacated.

24. Entering into or carrying out the Agreement, and any negotiations or proceedings related to it, shall not in any way be construed as, or deemed evidence of, an admission or concession as to the denials, defenses, or factual or legal positions of Defendant Kansas Teachers Community Credit Union, and shall not be offered or received in evidence in any action or proceeding against any party in any court, administrative agency or other tribunal for any purpose whatsoever, except as is necessary in a proceeding to enforce the terms of this Order and the Agreement, or to prove or show that a compromise in settlement of the Released Claims per the Agreement, in fact, was reached; provided, however, that this Order and the Agreement may be filed in any action filed against or by Kansas Teachers Community Credit Union or any Released Person to support a defense of *res judicata*, collateral estoppel, release, waiver, good faith settlement, judgment bar or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion or similar defense or counterclaim. Defendant expressly reserves all rights and defenses to any claims and does not waive any such rights or defenses in the event that the Agreement is not approved for any reason.

9

Case 3:08-cv-05052-GAF Document 187 Filed 02/15/11 Page 9 of 10

**IT IS SO ORDERED.**

                                              s/ Gary A. Fenner
                                              Gary A. Fenner, Judge
                                              United States District Court

DATED:   February 15, 2011